UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN RUSCHER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:08-CV-3396 |
| | § | |
| OMNICARE INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Relator Susan Ruscher has filed a Motion for Partial Summary Judgment on Omnicare, Inc.'s Affirmative Defenses (Doc. No. 170). Having considered the parties' submissions and the applicable law, the Court concludes that Relator's motion must be **GRANTED IN PART AND DENIED IN PART**.

I. BACKGROUND

Relator brought this False Claims Act ("FCA") *qui tam* lawsuit against Omnicare, Inc., a provider of pharmaceuticals to long-term care facilities, as well as 200 of its affiliates. The allegations involved in this long-running dispute are laid out in this Court's previous order on the motions to dismiss. *See* Mem. & Order June 12, 2014, Doc. No. 147 at 4-7. In that order, the Court granted in part and denied in part Defendants' Motions to Dismiss (Docs. No. 120, 126). One month later, Omnicare filed its first Answer on July 14, 2014. *See* Omnicare's Answer to Relator's Third Amended Complaint ("Answer") (Doc. No. 154). Relator now brings the instant Motion for Partial Summary Judgment (Doc. No. 170) with regard to several of the affirmative defenses raised in the Answer.

II. LEGAL STANDARD

Relator's motion is styled as a "Motion for Partial Summary Judgment." However, as

Omnicare points out, summary judgment is typically appropriate only "after adequate time for discovery." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Here, Relator filed her motion only days after the parties began exchanging discovery requests. *See* Omnicare's Opposition to Relator Susan Ruscher's Motion for Partial Summary Judgment, Doc. No. 173 at 2. Under the circumstances, a motion for summary judgment is premature. *See Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002).

However, as Relator acknowledges, her arguments — essentially, that Omnicare's affirmative defenses fail as a matter of law — would be properly considered in a motion to strike. Relator filed her motion on August 1, 17 days after Omnicare filed its answer. If Relator had styled her motion as a motion to strike instead of a motion for summary judgment, the motion would have been timely under Rule 12(f). *See* Fed. R. Civ. P. 12(f) (motion to strike must be filed within 21 days after service of a pleading to which a response is not allowed). Therefore, to the extent that it is appropriate to do so, the Court will construe her motion as a timely motion to strike Omnicare's affirmative defenses under Rule 12.

Rule 12 allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) A motion to strike an insufficient defense is analogous to a 12(b)(6) motion to dismiss. *See Doe v. Roman Catholic Diocese of Galveston-Houston*, No. H-05-cv-1047, 2006 WL 2413721, at *2 (S.D. Tex. Aug. 18. 2006). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citations omitted). Defendants "must plead an affirmative defense with enough specificity or

factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (footnote omitted).

The Court is mindful that the Fifth Circuit's decision in *Woodfield* preceded significant changes to federal pleading requirements, and that court has not yet clarified whether the heightened pleading standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 667-80 (2009), applies to affirmative defenses. However, like several other courts in this district, this Court has concluded that the heightened standard is not appropriate for affirmative defenses. *See FTC v. Verma Holdings, LLC*, No. 4:13-cv-00594, 2013 WL 4506033, at *2 & n.1 (S.D. Tex. Aug. 22, 2013) (collecting cases). First, Rule 8 of the Federal Rules of Civil Procedure describes the pleading requirements differently for a claim and an affirmative defense. *Compare* Fed. R. Civ. P. 8(a)(1) *with* Fed. R. Civ. P. 8(c)(1). Second, a motion to strike cannot resolve a case entirely, and raising the pleading standard for affirmative defenses would only encourage more discovery-delaying motions to strike. *See Floridia v. DLT 3 Girls, Inc.*, No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012). Therefore, this Court continues to apply the *Woodfield* fair notice standard in assessing whether a defense is insufficient as a matter of law.

### III. ANALYSIS

Relator has moved to strike Omnicare's first,[1] second[2] and fifth[3] affirmative defenses. Omnicare has voluntarily withdrawn the first affirmative defense, failure to state a claim, as well as the estoppel and laches prongs of the fifth affirmative defense. *See* Defs.' Opposition to Relator Susan Ruscher's Motion for Partial Summary Judgment, Doc. No. 173 at 1 n.2. Relator

---

[1] Failure to state a claim upon which relief may be granted, *see* Answer, Doc. No. 154 at 119.
[2] Unclean hands, inequitable conduct, and/or *in pari delicto*, *see* Answer, Doc. No. 154 at 119.
[3] Government knowledge and/or the doctrines of laches, waiver, and/or estoppel, *see* Answer, Doc. No. 154 at 120.

has also withdrawn her motion as it relates to Omnicare's government knowledge defense. *See* Relator's Reply, Doc. 177 at 4 n.3. The Court will consider the remaining issues in turn.

### A. Unclean hands, inequitable conduct, and/or *in pari delicto*

Omnicare's second affirmative defense alleges that Relator is barred from recovering due to unclean hands, inequitable conduct, and *in pari delicto*.[4] Specifically, Omnicare suggests that Relator cannot recover under the False Claims Act because she was involved in the alleged illegal conduct that she now purports to unveil. In her motion, Relator contends that Omnicare cannot defend itself on these theories because Relator stands in the shoes of the Government when she prosecutes a *qui tam* action, and those defenses would not be available against the Government in an action enforcing the public interest.

Neither the False Claims Act itself nor the Fifth Circuit has directly resolved whether a defendant can rely on a relator's unclean hands to defend a False Claims Act suit. However, the statute does provide that a prevailing relator's share of the proceeds may be reduced if she was a participant in the underlying wrongdoing. *See* 31 U.S.C. § 3730(d)(3). This strongly suggests that a relator's unclean hands are not a bar to a defendant's liability, but only to the relator's eventual award. *See U.S. ex rel. Gale v. Omnicare, Inc.*, No. 1:10-CV-127, 2013 WL 3822152, at *9 (N.D. Ohio July 23, 2013); *cf. Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nevada (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991) ("The FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'"). This Court therefore concludes that Omnicare may not rely on Relator's

---

[4] Relator attacks each of these defenses individually, while Omnicare suggests that inequitable conduct and *in pari delicto* are essentially variations on the affirmative defense of unclean hands. However, Relator correctly points out that the defense of inequitable conduct is a variant of unclean hands that applies only in patent cases. *See* Black's Law Dictionary 451 (8th ed. 2004). Relator's motion is therefore granted as to Omnicare's affirmative defense of inequitable conduct.

alleged wrongdoing — whether framed as unclean hands or *in pari delicto* — to avoid liability on Relator's *qui tam* claims, Counts I-II and IV-XXVII of her complaint.

However, Relator's motion to strike these affirmative defenses is unavailing as far as it extends to her FCA retaliation claim, Count III of her complaint, for which she seeks equitable relief under 31 U.S.C. § 3730(h) on her own behalf. *See United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *3 (W.D. Wash. Dec. 16, 2011). Therefore, it is inappropriate to strike Omnicare's second affirmative defense in its entirety, and Omnicare is still entitled to conduct discovery relevant to the affirmative defenses of unclean hands and *in pari delicto* as it applies to Relator's own conduct.

### B. Waiver

Omnicare's fifth affirmative defense alleges, in part, that Relator's claims are barred by the doctrine of waiver. Relator urges that this defense should be stricken because the Government can be held to have waived its rights only in very limited circumstances. *See United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 771 (N.D. Tex. 2002). In particular, governmental rights cannot be waived by the actions of an unauthorized agent. *Ferguson v. F.D.I.C.*, 164 F.3d 894, 899 (5th Cir. 1999). Here, Congress empowered only the Attorney General to bring civil actions under the False Claims Act. 31 U.S.C. § 3730(a). Accordingly, several district courts have held that only Department of Justice officials can waive the government's right to recoup public funds under the FCA. *See Cushman & Wakefield, Inc.*, 275 F. Supp. 2d at 771; *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 WL 1755214, at *11 (E.D. Pa. Apr. 24, 2013); *U.S. ex rel. Monahan v. Robert Wood Johnson University Hosp. at Hamilton*, Civ. No. 02-5702(JAG), 2009 WL 4576097, at *7 (D.N.J. Dec. 1, 2009). This Court agrees.

Relator argues that because Omnicare has not pled any facts to support a finding of waiver by the Department of Justice, this defense should be stricken. However, the different pleading standards of Rule 8(a)(1) and 8(c)(1) make a difference here. Where, as here, Omnicare has named the affirmative defense of waiver in its answer, and the circumstances that could constitute waiver are narrow, the inclusion of the defense in the answer can be sufficient to give Relator "fair notice" of Omnicare's claims. *See U.S. ex rel. Monahan*, 2009 WL 4576097, at *7; *see also Woodfield,* 193 F.3d at 362 ("[I]n some cases, merely pleading the name of an affirmative defense… may be sufficient."). Under the circumstances, there is no risk that Relator will be "a victim of unfair surprise." *Id.* at 362. It is therefore not appropriate to strike Omnicare's affirmative defense of waiver at this time.

For the foregoing reasons, Relator's Motion for Partial Summary Judgment, construed by the Court as a motion to strike, is **GRANTED** as to Omnicare's inequitable conduct defense and **DENIED** as to Omnicare's defenses of unclean hands, *in pari delicto*, and waiver.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 21st day of October, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE