UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel. Susan Ruscher, et al.* | § § § | |
| Plaintiffs, | § § | Civ. Action No. 4:08-cv-3396 |
| VS. | § § | |
| OMNICARE, INC. *et al* | § § | |
| Defendants. | § § | |

## MEMORANDUM & ORDER

Defendants Omnicare, Inc., and its affiliate companies (hereinafter "Omnicare") have filed a Motion to Disqualify Relator Susan Ruscher in this long-running False Claims Act *qui tam* action. (Doc. No. 337.) The Court held a hearing on this motion on June 12, 2015. At that time, the Court indicated that it would defer its ruling until the Fifth Circuit issued a decision in a pending appeal raising the issue of disqualification of a *qui tam* relator. The Court of Appeals has now decided that appeal. *See United States ex rel. Rigsby v. State Farm Fire & Casualty Co.*, No. 14-60160 (5th Cir. July 13, 2015). Having considered the Fifth Circuit's decision in *Rigsby*, the submissions of the parties, and other applicable law, the Court hereby **DENIES** Omnicare's motion.

I.   BACKGROUND

The False Claims Act (FCA) requires that *qui tam* relators file their complaints under seal and serve them only on the government in the first instance. 31 U.S.C. § 3730(b)(2). The complaint must remain under seal for at least 60 days, during which time the government has the option to elect to intervene and take the suit over from the relator. *Id.* The complaint may only be

1

disclosed to the defendant after the government notifies the court of its intervention decision and the court orders the complaint unsealed. 31 U.S.C. § 3730(b)(3)-(4).

The first complaint in this case was filed under seal in November 2008. (Doc. No. 1.) In September 2009, the Court ordered a partial lift of the seal to allow the government to disclose the action to Defendant Omnicare and other relators. (Doc. No. 11.) The case was not fully unsealed until March 2013, when the government advised the Court that it would not intervene in the case. (Doc. No. 48.)

Evidence attached to Omnicare's motion shows that, while the case was under seal, Ms. Ruscher disclosed the existence and the nature of the lawsuit to numerous members of her friends and family. The likely recipients of her disclosures included: 1) three former coworkers at Omnicare, 2) Omnicare's outside collections counsel, 3) five members of her family, and 4) six other individuals.[1] Some of those individuals then passed on information about the lawsuit to other friends and family. There is no evidence — and Omnicare does not contend — that Omnicare learned of the lawsuit from any of those individuals before the suit was partially unsealed to allow the government to disclose the complaint to Omnicare in September 2009.

Omnicare has learned of most of these disclosures from Relator's document production. In her first deposition, Relator claimed not to have told anyone but her husband about the lawsuit. But when her deposition was reopened and she was confronted with the documentary

---

[1] Some of these disclosures may have taken place after the partial lift of the seal, and thus should be excluded from the disqualification analysis. *Rigsby*, slip op. at 18. Unfortunately, the record is not completely clear as to when many of these individuals first learned of the lawsuit. It is clear, however, that some of the violations took place before the seal was partially lifted in September 2009. *See* Relator Dep. at 409:2-5, 410:18-22 (Relator's son and daughter learned of suit in Christmas 2008); Defs.' Ex. Nos. 29, 30 (June 2009 e-mails from Omnicare collections counsel Eric Lipsetts forwarding Omnicare documents to Relator). Ultimately, the precise number of individuals who learned of the lawsuit before the partial lift of seal is not dispositive to the Court's analysis.

2

evidence, she admitted that she had actually told several other people about the suit. While the facts of the disclosures are largely undisputed, Relator contends that some of the individuals she told about a lawsuit knew only that it was an employment dispute, not that it was a *qui tam* action.

## II.    ANALYSIS

The questions of whether and under what circumstances a violation of the FCA's seal requirement compels dismissal of a lawsuit were undecided in this circuit until very recently. In *U.S. ex rel. Rigsby v. State Farm Fire & Casualty Co.*, the Fifth Circuit held for the first time that 1) the seal requirement of § 3730(b)(2) is procedural, not jurisdictional, and 2) district courts should apply a balancing test to determine whether a seal violation merits dismissal. No. 14-60160, slip op. at 15-17 (5th Cir. July 13, 2015). Specifically, the court adopted the balancing test laid out by the Ninth Circuit in *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245-47 (9th Cir. 1995). *See also U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995). To determine whether to dismiss a case for seal violations, courts are to weigh: 1) the harm to the government from the violations, 2) the nature of the violations, and 3) whether the violations were willful or in bad faith.[2] *Id.* The Fifth Circuit also emphasized that the relevant time period is the period between the filing of the complaint and the partial seal lift. *Rigsby*, slip op. at 18.

The first *Lujan* factor concerns harm to the government. A seal violation could harm the government if, for instance, it "tips off" the defendant that an investigation is ongoing, *Lujan*, 67 F.3d at 246, or if it reduces the pre-intervention settlement value, *Pilon*, 60 F.3d at 999. Here,

---

[2] Because the parties extensively briefed and argued the applicability of the *Lujan* test, the Court does not require additional briefing from the parties on the implications of the Fifth Circuit's decision in *Rigsby*.

Omnicare argues that the government may have been harmed if Ms. Ruscher's seal violations unduly influenced relevant witnesses. One of the individuals whom Ms. Ruscher notified of the lawsuit while it was under seal was a former Omnicare coworker, Kevin Stallo. Mr. Stallo was later interviewed by the government in connection with the investigation — again, in the seal period. *See* Stallo Dep. at 47:1-48:14 (Doc. No. 338-1, Defs.' Ex. 6). Ms. Ruscher has also promised him 25 percent of her total recovery, if she prevails in the lawsuit. Relator Dep. at 134:18-141:19 (Doc. No. 338-1, Defs.' Ex. 1). Omnicare speculates that this may have affected his answers to the government investigators. However, the government informed the Court at the hearing that it does not believe it has been injured by the disclosures. June 12, 2015 Hr'g Tr. 12:23-13:1 (Doc. No. 389). And the Court is inclined to agree that, since Omnicare was not itself "tipped off" about the existence of the lawsuit, Omnicare has not shown harm to the government meriting dismissal here. *See Rigsby*, slip op. at 18.

The second *Lujan* factor considers the severity of the disclosure. Here, Omnicare urges us to consider the fact that Ms. Ruscher perjured herself when testifying about the seal period disclosures as evidence of the disclosures' severity. While Ms. Ruscher's admitted lying under oath is extremely troubling — and will likely substantially weaken her testimony at trial — this is not what courts applying the *Lujan* test mean by "severity." In applying this prong of the balancing test, courts have considered whether relators have complied with the basic procedural rules of the statute, including filing the complaint under seal and serving a copy on the government. *See Rigsby*, slip op. at 19 ("The violations here … did not involve a complete failure to file under seal or serve the government, and were therefore considerably less severe."); *Lujan*, 67 F.3d at 246 (same); *cf. Erickson ex rel. United States v. American Institute of Biological Sciences*, 716 F. Supp. 908 (E.D. Va. 1989) (dismissing case for failure to file

4

complaint under seal). In this case, Ms. Ruscher complied with the basic procedural rules of the statute. After that, she told a number of friends and family members about the case. These disclosures, and the fact of the perjury, are certainly wrong, but they do not implicate the interests typically invoked in the *Lujan* severity analysis. *See United States ex rel. Gale v. Omnicare, Inc.*, No. 1:10-cv-127, 2013 WL 3423276 (N.D. Ohio July 8, 2013) (disclosures to wife and other Omnicare employees during seal period do not merit dismissal of relator's *qui tam* complaint).

Finally, the third *Lujan* factor is bad faith and willfulness. This is the factor that weighs most strongly in favor of dismissal here. Ms. Ruscher's changing story over the course of her depositions strongly suggests that she knew what she had done was wrong. Ms. Ruscher initially testified that she had told Ms. Brumleve and Mr. Stallo about the lawsuit in November 2008. Relator Dep. at 38:15-18. She then "corrected" her testimony after a break to say that she had discussed the suit only with her husband. *Id.* at 65:15-66:8. In her second deposition, she admitted that the *first* testimony was correct and that Ms. Brumleve and Mr. Stallo knew about the suit while it was under seal. *Id.* at 425:17-23; 488:25-489:3. Relator also admitted that, in addition to Ms. Brumleve and Mr. Stallo, she had discussed the case with other friends and family members whom she did not disclose at her first deposition. The Court easily concludes that Ms. Ruscher acted in bad faith when she told various family members and friends about the lawsuit during the seal period.

Although Ms. Ruscher's bad faith is troubling to the Court, two of the three *Lujan* factors are not satisfied. In *Rigsby*, the Fifth Circuit presumed the existence of bad faith and still concluded that the fact that the government was not harmed and the disclosures were not severe

meant that "the *Lujan* factors favor the [relators]." Slip op. at 19. Accordingly, the Court concludes that dismissal is not appropriate for Relator's violations of the FCA seal requirement.

Omnicare also asks the Court to consider dismissing the case as a sanction in the exercise of its inherent authority. Perjury is certainly a sanctionable offense. *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71 (5th Cir. 2011). However, dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1418 (5th Cir. 1995) (citation and internal quotation marks omitted). In the Fifth Circuit, dismissal with prejudice is appropriate only when there is 1) "a clear record of delay or contumacious conduct by the plaintiff" and 2) "lesser sanctions would not serve the best interests of justice." *Brown*, 664 F.3d at 77 (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

The *qui tam* nature of this case complicates the sanctions analysis. While it is Ms. Ruscher who committed perjury, the United States is the real party in interest here. And the Government has represented to the Court that it believes it would suffer more harm from a dismissal than from continuing, even with a compromised relator. June 12, 2015 Hr'g Tr. 12:25-13:1. Furthermore, lesser sanctions are available to punish the Relator for her perjury. If this case results in judgment for the government, Ms. Ruscher will be entitled to a share of the damages. 31 U.S.C. § 3730(d)(2). The Court will have some discretion in setting the amount of the award, and can authorize an award at the low end of the statutory range as a sanction for Ms. Ruscher's misconduct. *Id.* Given the scale of the damages alleged in this case, this could mean a substantial reduction in the Relator's share. Because of the risk of harm to the United States as the real party in interest and the availability of lesser sanctions, the Court will not exercise its inherent authority to dismiss the case with prejudice to Relator as a sanction for her lying under oath.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Disqualify the Relator is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 15th of July, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE